RUFUS B. DREW, APPELLANT, v. DAVID BUCK, RESPONDENT.

*Evidence of parol agreement cotemporaneous with written lease — when admissible — Voluntary lease — validity of.*

In 1852 the defendant leased to his mother certain premises for the term of her natural life, no rent being reserved thereby. He continued in possession up to the time of the commencement of this action. In 1867 the mother assigned her lease and claim for use and occupation to the plaintiff, and subsequently, in 1872, she conveyed the premises to the defendant for a valuable consideration, he having no notice of the prior assignment. In an action by the plaintiff to recover for the use and occupation of the land, the defendant was allowed, against the plaintiff's objection and exception, to testify that at the time of the making of the lease it was agreed that he should remain in possession of the same without paying rent; that his mother was to live with him whenever she wished, and that its object was to provide a permanent and safe home for her.

*Held,* that the evidence was properly admitted, as it did not tend to contradict or vary the terms of the lease to his mother, but simply established the terms of the agreement under which he continued in possession under his mother.

Although an executory agreement to give a lease, not founded upon a valuable consideration, may not be valid, yet a lease duly executed in pursuance thereof is.

APPEAL from a judgment in favor of the defendant, entered on the report of a referee dismissing the complaint, with costs.

The action was to recover for the use and occupation of real estate. On the 1st of September, 1852, the defendant, who was the owner in fee of the real estate in question, executed and delivered to his mother, Esther Buck, a lease of the premises for the term of her natural life. The consideration expressed was one dollar, and no rent was reserved in the lease. The defendant was in possession of the premises prior to, and at the time of, the execution of the lease, and he continued in possession to the time of the commencement of this action, in December, 1873. In 1867, Esther Buck assigned the lease and her claim for use and occupation to the plaintiff. In 1872, for a valuable consideration, she conveyed the premises to the defendant, he having no notice of her assignment to the plaintiff. The referee found that the lease was executed by the defendant voluntarily, without consideration, and upon the understanding and agreement that he was to remain in the possession and have the control of the premises, the

same thereafter as before, and without any compensation therefor, but with the understanding that his mother should have the right to live on the premises with him if she wished, and that the lease was made for her safety, so that she might have a home and not be turned out of doors in case of the death of the defendant or his inability to support her on the premises.

*J. W. & H. J. Dininay*, for the appellant.

*A. Hadden*, for the respondent.

SMITH, J. :

The referee having found upon testimony sufficient, if properly received, to warrant the finding, that the defendant, since the execution of the lease to his mother, has occupied the premises under an agreement with her, that he was not to pay rent, but was to permit her to live with him on the premises if she wished, which privilege she enjoyed, for aught that appears, at all times when she chose, the case was properly disposed of, unless, as the appellant's counsel contends, the testimony on which such finding is based was not competent evidence. The defendant himself was a witness in his own behalf, and he testified that the agreement referred to was made with his mother by parol, at the time when the written lease was executed. The plaintiff, who claims as the assignee of the defendant's mother, objected to the evidence in due season, on the ground that it intended to contradict the lease. The decision of the referee overruling the objection presents the principal question in the case. We think the ruling was correct. It was incumbent on the plaintiff to establish two propositions : First, that his assignor, Mrs. Buck, had an estate in the land, and secondly, that the defendant occupied as her tenant under an agreement, express or implied, to pay for the use of the premises. To establish the first proposition, he introduced the written lease, and it was competent, and *prima facie* sufficient, to show that the defendant's mother had a life estate in the premises. But it did not tend, in any manner, to make out that the defendant was her tenant. The only evidence introduced by the plaintiff on that subject was proof of the fact that, subsequently to the execution

of the life lease, the defendant continued to occupy the premises with the knowledge and permission of the life tenant, from which fact the relation of landlord and tenant might be implied. It was, therefore, competent for the defendant to prove any circumstance which tended to repel that implication; not to contradict the lease, which was of no consequence except as proving the estate of the plaintiff's assignor, but to show the real nature of his holding. The agreement under which the defendant continued in possession was distinct from the lease executed by him, although made at the same time. If the parol agreement had provided that the defendant should continue to occupy notwithstanding the lease, and pay a specified rent to his mother, it would have been competent for the plaintiff to prove it. We think the testimony was properly received. The letters written by the defendant, undoubtedly tended in some degree to contradict his testimony, but he was corroborated by his brother, Lester W. Buck, and the decision of the referee upon the question of fact raised by the conflicting testimony is conclusive. The plaintiff, as the assignee of Mrs. Buck, took the claim in suit, subject to all the defenses then existing against it.

After the testimony of the defendant respecting the parol agreement between himself and his mother was introduced, the plaintiff moved to strike it out, on the ground that the plaintiff's assignor, Mrs. Buck, was of unsound mind, and therefore, the testimony of the defendant was inadmissible under section 399 of the Code. The motion was based on certain testimony given by David Buck, a son of Mrs. Buck, called as a witness by the plaintiff after the defendant had rested. The testimony was as follows: " I don't think my mother is competent to be examined as a witness; in my opinion she has been in that condition since she has been in Woodhull; in my opinion she can understand what you tell her, but she don't remember a few minutes after, what she has been talking about; her incompetency is from her want of recollection and intelligence; I first saw that this spring." The motion was denied, and we think, properly. The witness, a layman, stated no facts or circumstances from which the referee could judge of the mental condition of Mrs. Buck. His testimony was nothing more than the expression of his opinion upon a purely legal question

namely, the competency of Mrs. Buck to be examined as a witness, based upon a general statement to the effect that he had recently noticed in her a lack of recollection and intelligence, which may have been nothing more than the ordinary impairment of the mental faculties, incident to old age. This view of the matter renders it unnecessary to discuss the question whether the statute applies to a person other than one judicially declared to be of unsound mind, and whether the motion to strike out was not too late, the objection not having been taken to the testimony when it was offered and received, no opinion is intended to be expressed on these points.

It is insisted by the respondent's counsel that the dismissal of the complaint may well stand upon the ground that the lease executed by the defendant to his mother was without consideration. We do not assent to that position. It may be that a mere executory and unexecuted agreement to lease, without consideration, would not give a right of action. But in this case, the arrangement which, according to the claim of the defendant, was entered into by the parties, through the lease and the cotemporaneous parol agreement, has been fully executed, and the defendant cannot now be heard to say that the lease was void and conveyed no estate. His real ground of defense is, that by the express terms of his holding he was not to pay rent.

The judgment should be affirmed.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Judgment affirmed.